### BAIR v. HILBERT.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. CONTRACT FOR EMPLOYMENT—CONSTRUCTION.

    A contract in writing which stipulated that plaintiff should sell defendant's goods throughout the country, paying his own expenses; that defendant should pay him therefor a sum equal to 15 per cent. of the gross amount of the orders accepted; that in case plaintiff's sales exceeded in the aggregate $14,000 during the year, one-half of the commission should go towards payment of a prior indebtedness due defendant; that the agreement should remain in force one year—was simply an agreement to pay a certain rate of commission for the sale of goods, and that the commissions should be paid and the goods should be sold during the period of one year, and could not be so construed that nothing became due in favor of either party until the expiration of the year.

2. BANKRUPTCY—DISCHARGE—REVIVAL OF DEBTS.

    Heydecker's Gen. Laws, p. 3903, c. 47, § 21 (Laws 1897, p. 507, c. 417), provides that no agreement to revive a debt discharged in bankruptcy shall be valid unless the same is in writing. Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], provides that all debts on open accounts are provable against the bankrupt estate, and the discharge in bankruptcy is effective against such provable debts. Plaintiff contracted to sell defendant's goods on commission for a term of one year. During the year plaintiff was adjudged bankrupt, and was later discharged from his debts. Defendant had advanced prior to the bankruptcy a larger sum than the commissions amounted to, and was also a creditor of plaintiff on a prior claim. Defendant's claims against plaintiff were incorporated in the bankrupt's schedule of debts. Plaintiff

informed defendant of his bankruptcy, and testified that defendant advised him to continue on the same terms, which he did. Defendant denied this, but admitted the rendition of the services after the bankruptcy, and testified that plaintiff wanted defendant to advance the traveling expenses, saying that any indebtedness at the expiration of the year would be paid. *Held*, that defendant's claim against plaintiff existing prior to the bankruptcy was not revived.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Lee S. Bair against Anton Hilbert. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Joseph J. Robinson, for appellant.
George Ryall, for respondent.

HOOKER, J. The plaintiff sues for services he performed for the defendant between the 19th day of December, 1898, and the 1st day of May, 1899, in selling his wares. On the 1st day of May, 1898, the parties entered into a contract in writing, by the terms of which the plaintiff agreed to sell his wares exclusively throughout the country, paying his own traveling expenses, and the defendant promised to pay him therefor a sum equal to 15 per cent. of the gross amount of all orders accepted by the defendant. The contract recited further that in case the plaintiff's sales exceeded, in the aggregate, the sum of $14,000 during the year, one-half of the 15 per cent. commission should go toward the reduction of a prior indebtedness of the plaintiff to the defendant. The contract provided that it should be in force for one year. From the 1st of May to the 19th of December, 1898, plaintiff received from the defendant more than 15 per cent. upon his sales accepted by the defendant up to that date, it being intended that these advances should be offset later by commissions to be earned by the plaintiff, and thus plaintiff became further in the defendant's debt. On the 19th day of December, 1898, the plaintiff filed his petition in bankruptcy, and was duly adjudged a bankrupt, and later an order was made by the United States District Court discharging him from the debts which were provable against his estate on the day of the adjudication. The defendant was named in the schedules in bankruptcy as one of the creditors, and his claim against the plaintiff was incorporated therein. Within a few days after the petition was filed, plaintiff informed defendant that he had been adjudged a bankrupt, and asked about continuing in his employ. He testifies that the defendant advised him to continue on the same terms. The plaintiff proved the amount of his sales for the defendant between the 19th day of December, 1898, and the 1st day of May, 1899, and offers in evidence the contract, to show the value of those services, and proved that he had been in the employ of the defendant under a like arrangement for like services some seven years. The defendant denies having any conversation with the plaintiff to continue under the contract of May 1, 1898, but does not deny the rendition of the services by the plaintiff, nor does he deny their value as contended by the

plaintiff. A judgment was rendered for the defendant, and the plaintiff appeals.

The defendant seeks to sustain the judgment upon the theory that under the contract of May 1, 1898, nothing became due and enforceable in favor of either party for a period of one year; that the contract was of such an entire and indivisible character that before the 1st of May, 1899, the plaintiff would have been unable to maintain an action upon it for any commissions, and the defendant would have been unable to maintain an action against the plaintiff for any overpayment upon the commission accounts. The contract, however, was simply an agreement to pay a certain rate of commission for the sale of goods, and that those commissions were to be paid and the goods to be sold during the period of one year from its execution and delivery. Without terms clearly expressing such an intention, the contract cannot be construed in the manner the defendant insists upon.

Section 21 of chapter 47, p. 3903, of Heydecker's Gen. Laws (chapter 417, p. 507, Laws 1897), which is a re-enactment of chapter 324, p. 390, of the Laws of 1882, distinctly provides that no agreement to revive a debt discharged in bankruptcy shall be valid unless the same be in writing. No claim was made by the defendant that the plaintiff ever engaged, in writing, after the adjudication of bankruptcy, to pay him the whole or any part of the indebtedness which existed prior to May 1, 1898, or which was incurred between that time and the 19th day of December by overdrafts against his commission account; and it must be held, as matter of law, that the discharge in bankruptcy operated against any and all indebtedness of the plaintiff to the defendant revealed in the trial of the case.

The national bankruptcy act provides, at section 63 (3), Act July 1, 1898, c. 541, 30 Stat. 562, 563 [U. S. Comp. St. 1901, p. 3447], that all debts upon open accounts are provable against the bankrupt's estate, and elsewhere in the act the discharge is made effective against such provable debts. Had the defendant been indebted to the plaintiff on the 19th day of December, 1898, for commissions, the estate of the bankrupt would have been entitled, beyond question, to the amount of such commissions, less the proper exemptions, if any. It cannot be supposed that the national legislation intended that a discharge should not affect an indebtedness of the character the plaintiff owed the defendant on the 19th day of December, 1898, even though it arose in a course of business dealing under a contract defining the obligations of the parties during a period subsequent to the adjudication.

The defendant does not deny that the plaintiff sold the goods he claims, nor does he object to the value of the plaintiff's services; the only defense relied upon being the claim against the plaintiff in the nature of a set-off. Inasmuch as the plaintiff's indebtedness was wiped out by his bankruptcy proceedings, the defense offered upon the trial of this action must be held to be ineffectual.

By this decision we do not mean to antagonize our holding upon the former appeal in this case. 67 App. Div. 621, 73 N. Y. Supp. 1129. We then reversed a judgment in plaintiff's favor for the error in excluding the evidence of the conversation between the parties as to

the effect which the bankruptcy proceedings were to have upon the renewal of the engagement for work during the year ending May 1, 1899, and said:

"We are bound to assume, from the condition of the record, that the appellant might have proven, had he been allowed to testify fully as to this conversation, that it was agreed between the parties at that time that the advances on account of the current year's salary should not be regarded as discharged by the bankruptcy proceedings."

By this was not meant that a debt discharged in bankruptcy could be revived by parol, but only that the debtor, after his discharge, was at liberty to contract freely, and to allow the old debt on his contract —as, for example, that Bair was free to agree to continue his work until May 1, 1899, for such a sum as he would otherwise have been entitled to receive, less the amount of advances already paid him on the contract of May 1, 1898.

Upon the retrial defendant was permitted, over plaintiff's objection and exception, to answer the question what conversation he had with plaintiff soon after the petition was filed and the adjudication in bankruptcy, and he answered:

"In that conversation, he wanted me to advance him his weekly traveling expenses, and he said at that time that on the 1st of May any indebtedness there was that he would pay me up, and that at that time he would make a new contract."

There was no different evidence as to plaintiff's promise to make defendant good for his loss. It appeared, however, that, in addition to the advances plaintiff had between May 1, 1898, and the time of this conversation, he was indebted to defendant in a further sum of something like $2,500. It must be assumed that, if that evidence of defendant is true, the conversation had reference to the whole body of plaintiff's indebtedness, and not alone to that portion thereof which was advances since May 1, 1898. It is to be observed, also, that defendant, in his evidence, denies that subsequent to the adjudication in bankruptcy any agreement was made between the parties as to continuing under the contract of May 1, 1898. If that is true, plaintiff did not avail himself of that freedom to contract which it was held by our former decision he had. No facts or circumstances appear in the evidence which we can construe as giving to defendant the advantage, in the absence of a written agreement, of a revival of any part of plaintiff's indebtedness.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur; BARTLETT and HIRSCHBERG, JJ., in result.